1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JESSICA B., | | |
| | Plaintiff, | Case No. C21-5183-SKV |
| v. | | ORDER REVERSING THE COMMISSIONER'S DECISION |
| COMMISSIONER OF SOCIAL SECURITY, | | |
| | Defendant. | |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

BACKGROUND

Plaintiff was born in 1987, has three years of college education, and has worked as a nurse assistant and in some capacity at Walmart. AR 73, 287. Plaintiff was last gainfully employed in June 2015. AR 287.

In October 2018, Plaintiff applied for benefits, with an amended alleged onset date of

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

October 1, 2016.  AR 15, 40, 234-46.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 146-52, 158-71, 173-74. After the ALJ conducted a hearing in July 2020 (AR 35-85), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-29.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: fibromyalgia, environmental allergies with angioedema, bilateral carpal tunnel syndrome status post release surgeries, depression, and anxiety.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with additional limitations: she can occasionally climb ramps and stairs and can climb ladders of ten feet or less, and can never climb ropes or scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl.  She can frequently handle and finger bilaterally.  She can perform simple, routine tasks and can have occasional contact with the general public and can perform work that involves only occasional changes in the work routine and setting.

**Step four**:  Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 15-29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 5.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff's opening brief[3] argues the ALJ erred in discounting her testimony and in assessing certain medical opinions. The Commissioner argues the ALJ's decision is free of

---

[3] Plaintiff's opening brief has erroneous page numbering, listing every page as page 13. *See* Dkt. 19. In this way, the brief fails to comply with the local rules. *See* Local Civil Rule (W.D. Wash.) 10(e)(3). Counsel shall take care to comply with formatting rules in future filings.

harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's subjective allegations and explained that he discounted them because (1) the objective medical record did not corroborate Plaintiff's allegations, and (2) Plaintiff's activities were inconsistent with her allegations. AR 22-25. Plaintiff argues that the ALJ's reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ's first reason amounts to a conclusion ("The medical evidence does not support a greater degree of limitation than identified in the [RFC] finding.") followed by a summary of the medical evidence. AR 23-25. This section does not identify any particular inconsistencies or contradictions between Plaintiff's allegations and the objective medical evidence, or explain which testimony is or is not credible and why. This lack of specificity renders the ALJ's reasoning erroneous. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). Although the Commissioner contends that the ALJ referenced improvement with conservative treatment (Dkt. 23 at 4-5), the ALJ referenced only Plaintiff's report that "Tylenol and ibuprofen took the edge off of pain during flares," but in the same sentence the ALJ noted that Plaintiff continued to report fatigue and numbness. AR 23. The ALJ merely summarized Plaintiff's reports of slight improvement in pain, but did not explain that he found this rose to the level of an inconsistency with Plaintiff's allegations, and the Court declines to enter such a finding in the first instance.

The Commissioner also contends that the ALJ contrasted Plaintiff's mental allegations with contradictory objective evidence (Dkt. 23 at 4), but the ALJ's decision does not contain these findings. Instead, the ALJ cited some normal mental findings and stated that Plaintiff's "medical providers correlated physical symptoms to her mental state when overt medical

processes did not otherwise explain the signs." AR 25.  The ALJ did not cite any evidence to support that statement and instead went on to summarize various medical findings that do not undermine Plaintiff's allegations.  *See id*.

Because the ALJ merely summarized the medical evidence and did not explain why this evidence contradicts or fails to corroborate Plaintiff's allegations, the ALJ's first line of reasoning is insufficiently specific to support the ALJ's assessment of Plaintiff's testimony.

The ALJ's second line of reasoning is also insufficiently specific: the ALJ listed many of Plaintiff's activities, but did not explain how these contradict Plaintiff's allegations.  The ALJ cited Plaintiff's various reported activities, some of which corroborate the allegations that the ALJ listed earlier in the decision.  *Compare* AR 25 *with* AR 22.  Although the Commissioner offers additional examples of inconsistent activities (Dkt. 23 at 6), the ALJ did not specifically contrast any allegation with any activity and no contradiction is obvious from the ALJ's decision.  For example, the ALJ noted that Plaintiff testified that in 2016 she was unable to complete household chores (AR 22), and she told a consultative examiner in February 2019 that she could complete chores in 10-minute intervals (AR 25).  These statements are not inconsistent when Plaintiff's testimony is considered in its entirety: Plaintiff testified that before she saw a specialist in 2016 she was unable to complete household chores, and then the specialist recommended that she try to perform activity in five-minute intervals followed by rest.  *See* AR 42-46.  The ALJ's activities finding therefore fails to establish the existence of any particular inconsistency between Plaintiff's allegations and activities, and thus fails to constitute a clear and convincing reason to discount Plaintiff's allegations.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

Because the ALJ failed to provide legally sufficient reasons to discount Plaintiff's allegations, the ALJ must reconsider these findings on remand.[4]

### B.     The ALJ Did Not Err in Assessing the Medical Opinion Evidence

In assessing Plaintiff's 2018 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The parties agree to some extent that the regulations promulgated in 2017 changed the legal standards previously articulated by the U.S. Court of Appeals for the Ninth Circuit. *See* Dkt. 19 at 7; Dkt. 23 at 7-9. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider

---

[4] Although Plaintiff requests, in the alternative, a remand for a finding of disability, she has not shown that this extraordinary remedy is appropriate in this case, particularly where there are conflicts in the record between Plaintiff's allegations and the medical opinion evidence, as discussed *infra*. Because the medical opinions raise serious doubts as to whether Plaintiff is entitled to benefits, the Court declines to remand for a finding of disability. *See Brown-Hunter*, 806 F.3d at 495; *Garrison v. Colvin*, 759 F.3d 995, 1020-21 (9th Cir. 2014).

whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

With these regulations and considerations in mind, the Court proceeds to consider Plaintiff's challenges to the ALJ's assessment of the medical opinion evidence in this case. Here, the ALJ found the opinions of consultative examiners to be persuasive. AR 26-27. Plaintiff contends that the ALJ failed to consider the entire record when finding these opinions consistent and supported, but Plaintiff has not shown error in the ALJ's crediting of these opinions. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). At most Plaintiff offers an alternative interpretation of the record, but has not shown that the ALJ's interpretation is unreasonable or otherwise erroneous. *See* Dkt. 19 at 7-11.

Plaintiff also contends that the ALJ erred in assessing the State agency opinions because he credited them and yet failed to account for all of the limitations they assessed. Dkt. 19 at 11-12. Plaintiff has not shown that the ALJ's RFC assessment is inconsistent with the State agency opinions, however. The State agency consultants opined that Plaintiff had moderate concentration, persistence, and pace limitations, but also explicitly opined that despite any deficits Plaintiff would be able to complete a normal workday and 40-hour workweek via performing simple, repetitive tasks in two-hour increments. *See* AR 106-07, 125, 142. This opinion is consistent with the ALJ's RFC assessment. *See* AR 21. Plaintiff has not shown that the ALJ failed to fully account for the credited State agency opinions.

Because Plaintiff has failed to show any error in the ALJ's assessment of the medical opinion evidence, the Court does not disturb this portion of the ALJ's decision. The ALJ may reconsider these assessments, however, if necessary on remand in light of an updated record.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's subjective allegations and any other portion of the decision as necessary.

Dated this 29th day of September, 2021.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge